UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA     CASE NO. 00-6285-CR-SEITZ

v.

RAYNOR JAMES     **DEFENDANT'S OBJECTIONS**
_____/     **TO PRESENTENCE INVESTIGATION**

Comes now the defendant, Raynor James, by and through his undersigned counsel and files his objections to the presentence investigation and specifically objects to the following:

1. Paragraph number 13 indicating Mr. James and codefendant, Stewart, were equally culpable in regard to role.

2. Paragraph number 19 indicating Mr. James should receive a two-level enhancement for the possession of a firearm during the commission of the crime.

3. Paragraph number 21 indicating Mr. James has not received a two-level downward departure.

**ARGUMENT AND MEMORANDUM OF LAW
IN SUPPORT OF THE DEFENDANT'S OBJECTIONS**

4. The defendant's first objection is in regard to role assessment. The Probation Department has taken the position contrary to the United States Attorney's Office stating Mr. James is not entitled to a two-level adjustment downward for minor role.

5. Mr. James' respectfully points out his only role in regard to the above referenced transaction was to get hold of Mr. Stewart and put him in touch with the confidential informant.



CARL H. LIDA, P.A., ATTORNEY AT LAW
Suite 305 • 8751 West Broward Blvd. • Plantation, FL 33324 • Broward: (954) 472-5001 • Fax: (954) 472-7687 • Wats: (800) 871-5001

6. The informant initially contacted Mr. James to reach Mr. Stewart which James did and, consequently, a meeting was set up at Dave and Buster's. While it is true Mr. James attended said meeting, which is why he pled guilty to this offense, it is not true his role was equally culpable as Stewart's.

7. Mr. James points out Stewart was the source of the cocaine, and the tape recording of the conversation at Dave and Buster's indicates Stewart was the primary negotiator with the government informant in regard to price and quantity.

8. Mr. James' role can best be articulated as bringing the parties together. Under *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999). This court can easily conclude Mr. James' role in the offense was less than Stewart's, and apply the role reduction.[1]

9. The defendant's second objection and argument is in regard to a two-level enhancement under 2D1.1(b)(1) for the presence of the firearm during the commission of the transaction. While it is unquestioned a firearm was found in the waistband of James' codefendant, Stewart, at the time Stewart was arrested, this fact standing alone is not sufficient to enhance Mr. James' sentence by two levels. *United States v. Gallo*, 195 Fd. 3d 1278 (11th Cir. 1999).

10. There is no allegation in the PSR Mr. James could reasonably foresee Stewart would have a gun present on him at the time of the cocaine transaction. Without a finding by this court the codefendant, James, could reasonably foresee Stewart would bring a gun to the drug transaction it may not impose a 2D1.1(b)(1)

---

[1] Counsel respectfully points out this is a position the government of the United States supports and should be given by the court.

enhancement. "For these reasons we hold that a 2D1.1(b)(1) firearm enhancement for coconspirator possession to be applied to a convicted defendant, the government must prove by a preponderance of the evidence ... the coconspirator possession was reasonably foreseeable by the defendant." *Gallo, supra.*

11. The objection in paragraph number 21 is to the Probation Department's failure to award him a two-level reduction for role and reiterates that argument and objection.

Wherefore, the defendant, Raynor James, respectfully suggests the defendant's base offense level should be 25 and not 29 in light of the aforementioned objections.

Respectfully submitted,

LAW OFFICES OF CARL H. LIDA, P.A.
Counsel for Defendant
8751 West Broward Boulevard
Suite 305
Plantation, Florida 33324

By: _____
CARL H. LIDA, ESQUIRE
Florida Bar No. 200700

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was mailed on March 19, 2001, to: AUSA Kathleen Rice, 500 E. Broward Blvd., 7th Fl., Fort Lauderdale, FL 33394; Todd Eisinger, U.S. Probation Officer, 300 N.E. 1st Ave., Rm. 315, Miami, FL 33132.

By: _____
Carl H. Lida